THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CHESTER BARFIELD, Defendant-Appellant.

First District (6th Division)   No. 1—87—3041

Opinion filed August 4, 1989.

Randolph N. Stone, Public Defender, of Chicago (Greg Koster and Alison Edwards, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Inge Fryklund, Carol L. Gaines, and Edward Pacer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LaPORTA delivered the opinion of the court:

Defendant was indicted by a grand jury on one count of aggravated sexual assault based on the age of the victim, one count of criminal sexual assault, one count of aggravated criminal sexual abuse based upon the age of the victim, one count of unlawful restraint, and one count of aggravated criminal sexual assault based upon the use of force. Before trial, the defendant moved to suppress the statement he had made to the assistant State's Attorney while in custody. After a hearing, the motion to suppress was denied by the trial judge.

Following a bench trial, the defendant was convicted of aggravated criminal sexual assault of a victim under 13 years of age (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)) and sentenced to seven years' incarceration. Defendant appeals, raising three issues: (1) whether the victim was competent to testify; (2) whether the mother's testimony was beyond the scope of that permitted by section 115—10 of the Illinois Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 115—10), and therefore, inadmissible; and (3) whether the defendant was proven guilty beyond a reasonable doubt.

The only facts not in dispute at the trial were that at approximately 1:30 a.m. on July 20, 1986, the mother was outside her apartment building talking with a friend. Her 12-year-old daughter (the victim) was in their first-floor apartment. The 33-year-old defendant entered the apartment and had sexual intercourse with the girl.

The victim testified that the defendant came to the apartment saying that her mother had asked for a chair, that she told defendant to wait in the hall while she got the chair, but that when she returned she found that he had entered the apartment. The victim testified that the defendant then grabbed her by the arm, pushed her into a closet, tore at and pulled down her shorts, and raped her. The defendant then ran out of the apartment and the victim ran downstairs to tell her mother what had happened.

■■ ■ While persons aged 14 years of age and older are presumed competent to testify in court in Illinois, it is for the trial judge to determine whether a child under the age of 14 is competent to testify. (*In re E.S.* (1986), 145 Ill. App. 3d 906, 908, 495 N.E.2d 1334, 1335.) Competency depends not upon a child's age but her intellectual ability. (*In re A.M.C.* (1986), 148 Ill. App. 3d 775, 778, 500 N.E.2d 104, 106.) The determination of a minor's competency to testify is to be made by the trial judge, who has the best opportunity to observe the witness' demeanor and judge her credibility (*People v. Campos* (1987), 155 Ill. App. 3d 348, 357, 507 N.E.2d 1342, 1347-48),

and this determination should not be disturbed on review unless it is clear that the determination of competency was a manifest abuse of discretion or misapprehension of a legal principle. *People v. Keesee* (1977), 47 Ill. App. 3d 637, 641, 365 N.E.2d 53, 56; *In re Cruz* (1979), 76 Ill. App. 3d 565, 568, 395 N.E.2d 388, 390.

■ The criteria for determining whether a child is competent to testify in court are whether "the witness is sufficiently mature (1) to receive correct impressions by his senses, (2) to recollect these impressions, (3) to understand questions and narrate answers intelligently, and (4) to appreciate the moral duty to tell the truth (and comprehend the meaning of the oath)." *People v. Sims* (1969), 113 Ill. App. 2d 58, 61, 251 N.E.2d 795, 797.

■ ■ It is not necessary for the child to give perfect answers to questions asked during the competency determination or at trial for the child to be deemed a competent witness. (*People v. Powell* (1985), 138 Ill. App. 3d 150, 156, 485 N.E.2d 560, 564, citing *People v. Novotny* (1968), 41 Ill. 2d 401, 411-12, 244 N.E.2d 182, 188, and *People v. Newbern* (1974), 18 Ill. App. 3d 532, 540, 310 N.E.2d 42, 48.) Here, the victim was not certain of her year in school, which could be explained by the fact that there was a teacher's strike in progress at the time. The victim admitted that she had made a mistake as to the name of her school, showing awareness of her answers and of the facts. When asked on cross-examination the year she was born, the victim answered "1974," which date was later corroborated by her mother. "Minor discrepancies in a child's testimony do not necessarily render the testimony incompetent, unbelievable, or necessarily impeached" (*People v. Brewer* (1983), 118 Ill. App. 3d 189, 193, 454 N.E.2d 1023, 1027, citing *People v. Sharp* (1943), 384 Ill. 503, 506-07, 51 N.E.2d 554, 556), but are to be weighed against the credibility of the witness' testimony. (*People v. McNichols* (1986), 139 Ill. App. 3d 947, 953, 487 N.E.2d 1252, 1257.) It is for the trier of fact to determine the witness' credibility. *People v. McCoy* (1987), 156 Ill. App. 3d 194, 200, 509 N.E.2d 567, 571.

■ Although the defendant places significance on the victim's statement that liars get in trouble "[w]ith your friends" and not with God, in determining the competency of a witness, courts have held that religious opinion or belief is no longer a requisite. (*People v. Ballinger* (1967), 36 Ill. 2d 620, 622, 225 N.E.2d 10, 12, citing *People v. Marsh* (1949), 403 Ill. 81, 91, 85 N.E.2d 715, 720.) Other juvenile witnesses have been found competent who said that if they lie they get "grounded" (*People v. Goble* (1976), 41 Ill. App. 3d 491, 498, 354 N.E.2d 108, 114), or punished by their mother (*People v. Brewer*

(1984), 127 Ill. App. 3d 306, 308, 468 N.E.2d 1242, 1243).

■ Although the victim's testimony on the record appears hesitant, and the People noted that she is "a little slow for 12 years of age," the trial court held that "under all the attendant circumstances, *** I would find that she is competent." The record supports the trial court's finding of the minor witness' competency to testify, and on review we will not overturn that finding.

■ We next consider the defendant's argument that the victim's mother should not have been allowed to testify in court that her daughter told her that he had raped her. In pertinent part the statute under which the mother's testimony was admitted provides:

> "§115—10. In a prosecution for a sexual act perpetrated upon a child under the age of 13, including but not limited to prosecutions for violations of Sections 12—13 through 12—16 of the Criminal Code of 1961, the following evidence shall be admitted as an exception to the hearsay rule:
>
> (1) testimony by such child that he or she complained of such act to another; and
>
> (2) testimony by the person to whom the child complained that such complaint was made in order to corroborate the child's testimony." (Ill. Rev. Stat. 1985, ch. 38, par. 115—10.)

Here the victim testified at the proceeding. The only issue to be decided then is whether the strictures of section 115—10 have been met in admitting the testimony of the mother as to the victim's statements to her immediately following the occurrence.

The victim testified that she ran downstairs immediately after the attack and told her mother what had happened to her. The victim testified that she was crying and that the defendant had "snatched the button off of" her shorts. Her mother testified to what she saw: that her daughter came downstairs screaming and crying, and that "she had on some red shorts and *** the button on the shorts was broke[n]." The mother also testified that her daughter told her that Chester had raped her.

■ The mother's testimony which reports exactly what the victim said to her is admissible when the statement, as here, was made to her immediately after the incident. (*In re C.K.M.* (1985), 135 Ill. App. 3d 145, 149, 481 N.E.2d 883, 886; *People v. Boastick* (1986), 140 Ill. App. 3d 78, 87, 488 N.E.2d 326, 332.) In discussing the admissibility of the testimony of certain witnesses in a rape case as to out-of-court statements made by the victim, including that of the mother of the minor victim, the court in *In re C.K.M.* discussed the spontaneous declaration or corroborative statement exception to the

hearsay rule. In permitting such testimony, the court held that in order to qualify the witness' statement as an exception to the hearsay rule, the victim's statement to the witness must be spontaneous and not made as a result of questions to which answers are given, the statement of the victim must be promptly made to the witness without unexplained delay, and the victim must be a witness in the proceeding. *People v. Fuelner* (1982), 104 Ill. App. 3d 340, 349, 432 N.E.2d 986, 993.

The spontaneous declaration which qualifies as an exception to the hearsay rule must result from an occurrence which is sufficiently startling to produce a spontaneous or unreflecting statement, there must be no time to fabricate, and the statement must relate to the occurrence. *People v. McNichols*, 139 Ill. App. 3d at 954, 487 N.E.2d at 381, citing *People v. Sanchez* (1982), 105 Ill. App. 3d 488, 491, 434 N.E.2d 395, 397.

In the instant case, the mother testified that her daughter came downstairs screaming and told her that Chester had raped her. The victim testified that as soon as the defendant left her, she ran downstairs and told her mother what had happened. Because the victim had testified, the mother's testimony was offered as corroboration. We hold that it was not error for the trial court to permit the mother to testify as to her daughter's statements made immediately after the attack.

The defendant argues that the testimony of the victim and her mother was unconvincing. The trial court determined their testimony to be credible. As the trier of fact, the trial court was best able to observe their demeanor and determine their credibility.

The defendant did not testify at trial. Assistant State's Attorney Telander testified as the prosecution's witness that while defendant was in custody and after he had been advised of his rights, the defendant signed a statement detailing his version of the significant events. The statement was admitted into evidence.

The defendant's statement recites that he (Barfield) had gone to the back door of the apartment but was told by the victim "to go to the front door because the burglar bars were locked." He did so and the victim let him into the apartment. They hugged each other and the defendant asked the victim to pull her shorts down, reassuring her that her mother was not coming, whereupon the victim pulled down her shorts and they had sexual intercourse. When they heard a sound that the victim said was her mother coming, the defendant jumped out a window, ran down the alley to the corner where he met his cousin. At the defendant's request, his cousin went to inves-

tigate, returning with the report that the victim was telling her mother that the defendant raped her. The defendant stated that he then left the area. In his statement the defendant indicated that almost no time passed between the sexual intercourse and the victim's statement to her mother that she had been raped.

The defendant argues that the State failed to prove him guilty beyond a reasonable doubt. In support of his argument the defendant challenges the reliability of his post-arrest statement to Assistant State's Attorney Telander, which was admitted into evidence. Prior to trial the defendant moved to suppress the written statement signed by him following his arrest, arguing that at the time he gave the statement he believed Telander was his attorney, that he was not given his *Miranda* warning, that he signed the statement without reading it, and that portions of the statement were blank when he signed it. The trial court denied the motion to suppress, stating that the defendant's allegations were "incredible and unbelievable." The trial court made a specific finding that defendant's statement was given knowingly and voluntarily, and without threat of force or coercion, and that the defendant had been given his *Miranda* warnings. The trial court properly admitted defendant's statement into evidence.

The defendant argues on appeal that although he and the victim had sexual intercourse, the victim was not forced by him but in fact voluntarily participated. In his statement to Telander, the defendant stated that he did not know the victim was younger than 13 years of age. Defendant argues that the intercourse was a consensual act and therefore he did not rape the victim. He argues that he was not proven guilty of the crime for which he was convicted.

Aggravated criminal sexual assault of a victim under 13 years of age is a strict liability crime, which requires no more than an act of sexual penetration by a person over 17 years old with a victim under 13 years old. (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1).) The consent or voluntary participation of a minor victim is no defense to such charge. Nor is it a defense that the accused thought the victim was older than 13, as this defendant stated in his post-arrest statement.

The minor victim testified that the intercourse occurred and the defendant admitted the act of intercourse with this victim. The medical evidence and the testimony of the victim's mother corroborate that the act occurred. The trial court determined that the evidence was clearly sufficient to find the defendant guilty of the crime of aggravated criminal sexual assault of the victim under 13 years of

age, and defendant was convicted of that charge. We find the trial court's determination of guilt was proper and consistent with the manifest weight of the evidence.

For all of these reasons, we affirm the judgment of the trial court.

Judgment affirmed.

EGAN, P.J., and McNAMARA, J., concur.