No. 2--06--0334          Filed:  4-8-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--3563 |
| ANTHONY DOUGLAS, | ) ) ) | Honorable George J. Bakalis, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Anthony Douglas, was convicted of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 2004)), following a stipulated bench trial.  Defendant appeals, contending that the trial court erred by denying him the opportunity to raise the defense of mistake of age to the charge of predatory criminal sexual assault of a child.  Defendant also contends that the judgment orders should be corrected to reflect the proper provision under which he was convicted. We affirm as modified.

Defendant was charged with four counts of predatory criminal sexual assault of a child, all stemming from his December 20, 2004, liaison with the victim, C.V.  All of the charges alleged that defendant was older than 17 years of age and that he committed an act of sexual penetration with C.V., who was under 13 years of age.

Before trial, the State filed a motion in limine seeking to preclude defendant from raising the defense of mistake of age, in that he believed that C.V. was 13 years or older. At the hearing on the motion in limine, defendant argued that, if there was no mental state associated with the age of the victim, then the offense effectively would be a strict liability offense. Defendant relied on United States v. Morissette, 342 U.S. 246, 96 L. Ed. 288, 72 S. Ct. 240 (1952), which, he argued, expressed the preference that serious offenses not be strict liability offenses. The State argued that Illinois case law and the structure of the Criminal Code demonstrate that the legislature clearly intended that the age of the victim not be subject to a mental state and that this rendered the mistake-of-age defense unavailable for the offense of predatory criminal sexual assault of a child. The trial court agreed with the State and held that the defense of mistake of age was unavailable to defendant.

Subsequently, in exchange for a sentencing cap of 18 years, defendant agreed to participate in a stipulated bench trial. The evidence at the stipulated bench trial included the police report from the Du Page County sheriff's office, a stipulation that the victim would testify that defendant placed his penis in her vagina, evidence that defendant's DNA was found on the person of the victim after the incident, and a videotape of defendant's statement to police. Defendant argued that if he had been allowed to present a mistake-of-age defense, then he would have presented evidence to establish that he believed the victim to be 15 years of age. The trial court found defendant guilty, noting that he was 31 years of age and the victim was 12 years of age and that the victim's statements in the police report were remarkably consistent with defendant's videotaped statement. The trial court sentenced defendant to a 15-year term of imprisonment. Defendant timely appeals.

On appeal, defendant notes that the judgment orders and mittimus do not properly reflect the provision under which defendant was convicted, and he argues that they must be corrected. The

State agrees. Accordingly, we correct the mittimus and judgment orders in this case to show that defendant was convicted of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 2004)). See 134 Ill. 2d R. 615(b)(1) (appellate court may correct trial court orders as necessary); People v. Mitchell, 234 Ill. App. 3d 912, 921 (1992) (appellate court may correct mittimus and sentencing orders without remanding the cause to the trial court).

Substantively, defendant contends that the trial court erred in construing the predatory-criminal-sexual-assault-of-a-child statute to foreclose the defense of mistake of age. According to defendant, the text of the pertinent portion of the statute does not clearly demonstrate the legislature's intent to make the victim's age an absolute or strict liability element. Defendant argues that some mental state is generally preferred in criminal offenses, especially serious ones. By contrast, strict liability offenses generally are mala prohibita, are punished by fines, and do not particularly harm the defendant's reputation. Because predatory criminal sexual assault of a child is such a serious crime, defendant argues that a mental state should be imposed on the victim's-age element--in particular, the State should have to prove that the defendant knew that the victim was underage, in this case, under the age of 13. Defendant also notes that the term "predatory" connotes some sort of intentional predation upon underage victims--a status he argues he did not possess, because he believed the victim to be 15 years of age. Thus, according to defendant, the very name of the offense requires that the victim's-age element possess a mental state.

The State counters that, both in Illinois and in other jurisdictions, serious sexual crimes have not required mental states as to the victim's age in order to pass muster. For example, statutory rape offenses have never required a mental state as to the victim's age. The State also notes that predatory criminal sexual assault of a child requires the mental state of intent related to the sexual penetration

element, and thus it is not a strict liability offense. The State further notes that, in addition to the protection offered to very young children by placing on the offender the risk that he is engaging in sexual activity with an underage victim, the sexual offense statutes spell out available defenses, including mistake of age where the defendant believes the victim to be 17 years of age or older. Such a defense is not specified for the predatory-criminal-sexual-assault-of-a-child statute, and, from this, the State concludes that the legislative intent was not to offer such a defense. Accordingly, the State urges us to reject defendant's contentions and hold that mistake of age is not a viable defense to a charge of predatory criminal sexual assault of a child.

We begin our consideration by first determining the standard of review to employ in this case. We are asked here to interpret the terms of a statute. As this is a legal question, we review de novo the trial court's decision. People v. Cordell, 223 Ill. 2d 380, 389 (2006). The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature, the best indication of which is the language of the statute accorded its plain and ordinary meaning. Cordell, 223 Ill. 2d at 389. In considering the statutory language, the court should consider the statute in its entirety and keep in mind the subject addressed by the statute as well as the legislature's apparent objective in enacting the statute. Cordell, 223 Ill. 2d at 389.

We begin with the statute itself. Section 12--14.1(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/12--14.1(a) (West 2004)) provides:

"The accused commits predatory criminal sexual assault of a child if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed; or

-4-

(1.1) the accused was 17 years of age or over and, while armed with a firearm, commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed; or

(1.2) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed and, during the commission of the offense, the accused personally discharged a firearm; or

(2) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed and the accused caused great bodily harm to the victim that:

(A) resulted in permanent disability; or

(B) was life threatening; or

(3) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed and the accused delivered (by injection, inhalation, ingestion, transfer of possession, or any other means) to the victim without his or her consent, or by threat or deception, and for other than medical purposes, any controlled substance." 720 ILCS 5/12--4.1(a) (West 2004).

Defendant here was charged with violating section 12--14.1(a)(1) of the Code, committing "predatory sexual assault of a child" where "the accused was 17 years of age or over and commit[ted] an act of sexual penetration with a victim who was under 13 years of age when the act was committed." 720 ILCS 5/12--14.1(a)(1) (West 2004).

Before 1996, the exact offense with which defendant was charged was codified as aggravated criminal sexual assault. See, e.g., Ill. Rev. Stat. 1985, ch. 38, par. 12--14(b)(1) ("The accused commits aggravated criminal sexual assault if: (1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed"); Ill. Rev. Stat. 1987, ch. 38, par. 12--14(b)(1) ("The accused commits aggravated criminal sexual assault if: (1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed"); 720 ILCS 5/12--14(b)(1) (West 1994) ("The accused commits aggravated criminal sexual assault if: (1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed"). In 1996, the offense of predatory criminal sexual assault of a child was defined and codified in section 12--14.1 of the Code. 720 ILCS 5/12--14.1 (West 1996).

Also relevant to our consideration are several other provisions of the Code. Section 4--1 of the Code provides that "[a] material element of every offense is a voluntary act, which includes an omission to perform a duty which the law imposes on the offender and which he is physically capable of performing." 720 ILCS 5/4--1 (West 2004). Section 4--3 of the Code provides:

"(a) A person is not guilty of an offense, other than an offense which involves absolute liability, unless, with respect to each element described by the statute defining the offense, he acts while having one of the mental states described in Sections 4--4 through 4--7.

(b) If the statute defining an offense prescribed a particular mental state with respect to the offense as a whole, without distinguishing among the elements thereof, the prescribed mental state applies to each such element. If the statute does not prescribe a particular mental

state applicable to an element of an offense (other than an offense which involves absolute liability), any mental state defined in Sections 4--4, 4--5 or 4--6 is applicable." 720 ILCS 5/4--3(a), (b) (West 2004).

Sections 4--4 through 4--7 of the Code (720 ILCS 5/4--4 through 4--7 (West 2004)) set forth the mental states of intent, knowledge, recklessness, and negligence.

Also of note in our construction of the offense of predatory criminal sexual assault of a child, the legislature has expressly set forth certain defenses to the various article 12 sex crimes (720 ILCS 5/12--12 through 12--18.1 (West 2004)):

"(a) It shall be a defense to any offense under Section 12--13 through 12--16 of this Code where force or threat of force is an element of the offense that the victim consented. 'Consent' means a freely given agreement to the act of sexual penetration or sexual conduct in question. Lack of verbal or physical resistance or submission by the victim resulting from the use of force or threat of force by the accused shall not constitute consent. The manner of dress of the victim at the time of the offense shall not constitute consent.

(b) It shall be a defense under subsection (b) and subsection (c) of Section 12--15 and subsection (d) of Section 12--16 of this Code that the accused reasonably believed the person to be 17 years of age or over.

(c) A person who initially consents to sexual penetration or sexual conduct is not deemed to have consented to any sexual penetration or sexual conduct that occurs after he or she withdraws consent during the course of that sexual penetration or sexual conduct." 720 ILCS 5/12--17 (West 2004).

With these provisions in mind, we look first to the language of section 12--14.1(a)(1) of the Code. The offense of predatory criminal sexual assault of a child has one voluntary-act element and two "attendant circumstances" elements. The voluntary-act element of section 12--14.1(a)(1) of the Code is completed when the accused commits an act of sexual penetration with the victim. An "act of sexual penetration" is defined as "any contact, however slight, between the sex organ or anus of one person by an object, the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person *** into the sex organ or anus of another person." 720 ILCS 5/12--12(f) (West 2004). Under section 4--3 of the Code, this voluntary act must be accompanied by a culpable mental state. The predatory-criminal-sexual-assault-of-a-child provision does not specifically set forth the culpable mental state that accompanies the voluntary act of sexual penetration, so it is implied by operation of section 4--3(b) to be either intent (720 ILCS 5/4--4 (West 2004)) or knowledge (720 ILCS 5/4--5 (West 2004)). (While section 4--3(b) includes recklessness as a mental state, recklessness does not make any sense when applied to the act of sexual penetration. Because implying a mental state of recklessness to the act of sexual penetration would lead to an absurd result, we hold that the act of sexual penetration requires only the mental state of intent or knowledge. See People v. Bailey, 375 Ill. App. 3d 1055, 1063, appeal allowed, 226 Ill. 2d 589 (2007) (in construing a statutory provision, the court will presume that the legislature did not intend an absurd result).) The attendant circumstances of section 12--14.1(a)(1) are, at the time of the offense, (1) the accused is 17 years of age or older and (2) the victim is under 13 years of age. These circumstances do not require a mental state; they only need be established. Thus, we read section 12--14.1(a)(1) to require that an accused aged 17 years or older, intentionally or knowingly commit an

act of sexual penetration with a victim under 13 years of age. The accused need have no mental state regarding the age of the victim. We confirm this reading in several different ways.

First, we note that, in the "defenses" provision of the Code, the legislature provided that the defense of mistake of age is available for violations of sections 12--15(b), 12--15(c), and 12--16(d) of the Code (720 ILCS 5/12--15(b), (c), 12--16(d) (West 2004)), and only if the accused reasonably believed the victim to be 17 years of age or older. 720 ILCS 5/12--17(b) (West 2004). It would appear, then, that mistake of age is not generally available, because the legislature has specified its use in only certain instances. Generally, where "a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions." People v. O'Connell, 227 Ill. 2d 31, 37 (2007). Here, the "defenses" provision of the Code lists only three violations for which the defense of mistake of age will be available, and, for each, the accused must reasonably believe the victim to be 17 years of age or older. This gives rise to the inference that the mistake-of-age defense is not available for any other sexual offenses specifying the age of the victim. The structure of the Code and its relevant provisions help to confirm that the age of the accused and the age of the victim are attendant circumstances that do not require an associated mental state.

We also note that, elsewhere in the Code, other provisions have been similarly construed to have a voluntary-act element with an associated culpable mental state along with attendant circumstances that do not have an associated culpable mental state. For example, in People v. Grever, 353 Ill. App. 3d 736, 758-59 (2004), aff'd in part & rev'd in part on other grounds, 222 Ill. 2d 321 (2006), this court determined that the official misconduct offense (720 ILCS 5/33--3(a) (West 1998)) included attendant circumstances, namely, that the accused possessed a "mandatory duty required by law," for which a culpable mental state need not be proved. Likewise, in People v. Folks,

273 Ill. App. 3d 126, 133-34 (1995), the court concluded that the offense of aggravated discharge of a firearm (720 ILCS 5/24--1.2(a) (West 1992)), which occurs when a person "knowingly or intentionally" discharges a firearm under certain described circumstances, did not require a culpable mental state for the described circumstances. Instead, the court held that the circumstances were inherently dangerous and, thus, did not require a culpable mental state. Folks, 273 Ill. App. 3d at 134. The attendant circumstances here are like those in Grever and Folks, in that the legislature could have determined that any act of sexual penetration committed by an adult against a young child is so harmful to the young child that it must be penalized. The rationales employed in Grever and Folks also help to confirm our construction of the predatory-criminal-sexual-assault-of-a-child provision at issue here.

We also look to see how section 12--14(b)(1) of the Code was interpreted prior to 1996, as well as to how section 12--14.1 of the Code has been interpreted since 1996. In People v. Barfield, 187 Ill. App. 3d 257, 260 (1989), the defendant was convicted of the aggravated criminal sexual assault of a victim under 13 years of age (Ill. Rev. Stat. 1985, ch. 38, par. 12--14(b)(1)). The defendant argued both that the victim consented to the act of sexual penetration and that he did not know that the victim was under 13 years of age. Barfield, 187 Ill. App. 3d at 264. The appellate court rejected the defendant's arguments, holding, without any significant analysis:

"Aggravated criminal sexual assault of a victim under 13 years of age is a strict liability crime, which requires no more than an act of sexual penetration by a person over 17 years old with a victim under 13 years old. [Citation.] The consent or voluntary participation of a minor victim is no defense to such charge. Nor is it a defense that the accused thought

the victim was older than 13, as this defendant stated in his post-arrest statement." Barfield, 187 Ill. App. 3d at 264.

Thus, Barfield erroneously interpreted the relevant terms of the statute as not requiring a mental state with regard to any element of the crime, though including the victim's age.

Barfield was repudiated to a significant extent in People v. Terrell, 132 Ill. 2d 178 (1989). There, our supreme court rejected the idea that the offense of aggravated criminal sexual assault of a victim under the age of 13 years was a strict liability crime. Terrell, 132 Ill. 2d at 209, 214-15. In Terrell, the defendant did not specifically challenge the lack of mental state for the victim's age; rather, the defendant challenged the idea that there was no mental state associated with the act of sexual penetration, while there was a specific mental state associated with the offenses based on the less severe act of sexual conduct. Terrell, 132 Ill. 2d at 208. Our supreme court rejected the argument, holding that sections 4--3, 4--4, 4--5, and 4--6 of the Code supplied the mental state where the provision defining the offense at issue did not specifically do so. Terrell, 132 Ill. 2d at 209, 210. The court held that, "[a]lthough the definition of 'sexual penetration,' unlike the definition of 'sexual conduct,' does not expressly require a mental state, the legislature clearly did not intend the aggravated criminal sexual assault statute to define a strict liability or public welfare offense." Terrell, 132 Ill. 2d at 209. The court held that, for "sexual penetration" to occur, a mental state of intent or knowledge was required. Terrell, 132 Ill. 2d at 209.

The defendant also specifically challenged section 12--14(b)(1) of the Code. Our supreme court noted that the purpose of section 12--14(b)(1) was to define the circumstances when an unlawful act of sexual penetration, which is generally treated as criminal sexual assault and punished as a Class 1 felony, will be treated as an aggravated offense and punished as a Class X felony. Terrell,

132 Ill. 2d at 215. Based on this consideration, the court held that an act of sexual penetration will be treated as an aggravated offense when the offender intentionally or knowingly commits the act of sexual penetration and the offender is 17 years of age or older and the victim is younger than 13 years of age. Terrell 132 Ill. 2d at 215. The court determined that the legislature's decision to punish an act of sexual penetration against a very young victim more severely than other acts of sexual penetration was not unreasonable or irrational, and it upheld the provision against the defendant's due process challenge. Terrell, 132 Ill. 2d at 216.

Terrell rejected the idea that aggravated criminal sexual assault of a victim under the age of 13 was fully a strict liability offense. Instead, it held that there was a mental state associated with the element of sexual penetration. It did not hold, however, that a mental state was required or implied regarding the circumstance of the victim's age. Of course, the Terrell court was not called upon to consider that specific issue. Thus Terrell repudiated the Barfield holding that section 12--14(b)(1) defined a wholly strict liability offense, but it did not disturb the Barfield holding with regard to the victim's age.

People v. Burton, 201 Ill. App. 3d 116, 118 (1990), also considered the issue of whether a mental state is required for the circumstance of the victim's age. The Burton court first noted that "[k]nowledge by the accused of the age of the victim is not an element of the aggravated criminal sexual assault charged" in that case. Burton, 201 Ill. App. 3d at 118, relying upon People v. Sanders, 191 Ill. App. 3d 483 (1989), and Barfield, 187 Ill. App. 3d 257. (We note that the Sanders decision did not include any analysis about a mental state required for the offense; instead, it dealt with whether the victim's age of 12 years at the time of the offense had been proved beyond a reasonable doubt. Sanders, 191 Ill. App. 3d at 485-86.) The court then proceeded to analyze the effect of the

holding in Terrell on the propriety of the jury instruction given. Burton, 201 Ill. App. 3d at 119-22. The Burton court noted that the Code's implied mental states generally accompany the element of the prohibited act, in that case the act of sexual penetration. Burton, 201 Ill. App. 3d at 121. However, the offense was a general intent crime that did not require the jury to be instructed about the mental state required for each element. Thus, the Burton court held that the jury instructions, which did not set forth the mental states, were not in error. Burton, 201 Ill. App. 3d at 122.

Defendant challenges the Burton court's reliance on Barfield. However, the portion of Barfield relied upon, that knowledge of the victim's age (i.e., the mental state associated with the victim's age) is not a required element of the crime, remained undisturbed even after the supreme court's holding in Terrell. We believe that Burton appropriately relied upon Barfield for the narrow determination regarding the mental state associated with the victim's age.

Thus, both Barfield and Burton interpret the relevant language of what is now codified as section 12--14.1(a)(1) to require no mental state associated with the circumstance of the victim's age. To state it another way, according to the Barfield and Burton decisions, mistake of age is not a defense available to the charge of predatory criminal sexual assault of a child. Terrell did not disturb that holding; instead, it held that the act of sexual penetration must be intentional or knowing. It did not specify a mental state for the age of either the victim or the accused.

Neither party directs us to other cases that have interpreted the age-of-the-victim element. We note that the central holding in Burton, that it is not erroneous to give the pattern jury instructions that do not specify the implied mental states for the offense of aggravated criminal sexual assault (Ill. Rev. Stat. 1987, ch. 38, par. 12--14(b)(1), now 720 ILCS 5/12--14.1(a)(1) (West 2004)), has been reaffirmed. People v. Simms, 192 Ill. 2d 348, 376 (2000), agreed with Burton and held that "jury

-13-

instructions on a specific mental state are not required for the offense of aggravated criminal sexual assault." Likewise, this court, in People v. Milka, 336 Ill. App. 3d 206, 234-35 (2003), aff'd, 211 Ill. 2d 150 (2004), held that the jury need not be instructed on the implied mental state for the act of sexual penetration in the offense of predatory criminal sexual assault of a child. Neither Simms nor Milka specifically discussed whether an implied mental state was applicable to the circumstance of the victim's age or whether a defense of mistake of age was available to an accused who was charged with the offense of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 2004), formerly Ill. Rev. Stat. 1985, ch. 38, par. 12--14(b)(1)). Likewise, though, neither Simms nor Milka required a mental state associated with the age of the victim. Barfield and Burton, then, appear to be the only reported Illinois cases that have specifically addressed the issue. Both held that mistake of age is not a defense to the offense at issue in this case.

We also find similar support for the idea that the victim's age is an attendant circumstance to a sexual crime, and does not require a mental state, when we look to foreign authority. In United States v. Ransom, 942 F.2d 775, 776 (10th Cir. 1991), the defendant was charged with having sexual intercourse with a victim who was under 12 years of age. The defendant was denied permission to raise a defense of reasonable mistake of age of the victim. The defendant entered a conditional guilty plea that preserved his right to raise the mistake-of-age issue on appeal. On appeal, the defendant contended that, in order to pass constitutional muster, the offense with which he was charged needed to include a mental state element because it was a serious crime. Ransom, 942 F.2d at 776. The court first noted that, while a small minority of courts had allowed a mistake-of-age defense to a statutory rape charge, the majority of the courts that had considered the issue had rejected the mistake-of-age defense. Ransom, 942 F.2d at 776. The court also noted that, historically, no mental

-14-

state element was associated with the offense of statutory rape because of the long-standing public policy goal of providing special protection to those deemed too young to understand the consequences of their actions. Ransom, 942 F.2d at 777. The court held that the statute did not allow the defense of reasonable mistake of age and that it passed constitutional muster. Ransom, 942 F.2d at 777-78.

In Owens v. State, 352 Md. App. 663, 667, 724 A.2d 43, 45 (1999), the defendant was prevented from raising a reasonable-mistake-of-age defense to a charge of statutory rape (" '[a] person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person: *** (3) [w]ho is under 14 years of age and the person performing the act is at least four years older than the victim' [citation]"). The court noted that, previously, it had held that the offense did not require the State to prove whether the defendant knew that the victim was under 14 years of age. Owens, 352 Md. App. at 668-69, 724 A.2d at 45-46. In reaffirming that holding, the court reasoned that a mental state was not constitutionally required and that strict liability offenses were not limited solely to regulatory offenses. Owens, 352 Md. App. at 672, 724 A.2d at 47. Further, the offense of which the defendant was convicted was such that he was reasonably on notice that his conduct might violate the law and was conduct that he could have chosen to avoid. Owens, 352 Md. App. at 679, 724 A.2d at 51. The court also pointed out that, much like the conduct here, the conduct at issue in Owens involved "conscious activity which gives rise to circumstances that place a reasonable person on notice of potential illegality." Owens, 352 Md. App. at 680, 724 A.2d at 51. After noting the risks to children who engage in sexual activity and determining that the legislature's broad discretion in protecting the health and welfare of children outweighed the defendant's interest in engaging in sexual activity with children near the age of consent, the court concluded that the reasonable-mistake-

of-age defense was not available to the defendant. Owens, 352 Md. App. at 680-85, 724 A.2d at 52-54.

In People v. Cash, 419 Mich. 230, 235, 351 N.W.2d 822, 823 (1984), the defendant sought to raise a mistake-of-age defense where the victim had informed the defendant at the time of the offense that she was 17 years of age, even though she was only 15 years old. The trial court refused to allow the mistake-of-age defense, and the defendant appealed his eventual conviction. Cash, 419 Mich. at 236-37, 351 N.W.2d at 824. The Cash court held that the defense of reasonable mistake of age was unavailable, reasoning that the public policy considerations in favor of protecting younger children supported doing away with a mental state for the circumstance of the victim's age. Cash, 419 Mich. at 242, 351 N.W.2d at 826-27. The defendant argued that the increasing age of consent to sexual activity, the reality that teenagers were more sexually mature now than in the past, and the serious penalty for the offense all demonstrated that making the offense a strict liability offense was outmoded and no longer justified. The court rejected these arguments and held, instead, that it was "not convinced that the policy behind the statutory rape laws of protecting children from sexual exploitation and possible physical and psychological harm from engaging in sexual intercourse [was] outmoded." Cash, 419 Mich. at 244, 351 N.W.2d at 828. The court also noted that its decision was in line with the majority of jurisdictions to consider sexual offenses against younger children, in not requiring a mental state for the circumstance of the victim's age and thus in rejecting a reasonable-mistake-of-age defense. Cash, 419 Mich. at 246, 351 N.W.2d at 828.

In State v. Yanez, 716 A.2d 759, 760-61 (R.I. 1998), the 18-year-old defendant engaged in consensual sexual intercourse with the 13-year-old victim. The defendant sought to introduce evidence that he believed the victim to be 16 years of age at the time of the sexual activity. The trial

court rejected the defendant's evidence concerning his mistake of the victim's age, and the defendant was convicted. Yanez, 716 A.2d at 762. On appeal, the court began its analysis with the interpretation of the relevant statutory provision. The provision stated that " '[a] person is guilty of first degree child molestation sexual assault if he or she engages in sexual penetration with a person fourteen (14) years of age or under.' [Citation.]" Yanez, 716 A.2d at 764. The court determined that "the plain words and meaning of [the provision] prohibit the sexual penetration of an underaged person and make no reference to the actor's state of mind, knowledge, or belief. In [the court's] opinion this lack of a mens rea results not from negligent omission but from legislative design." Yanez, 716 A.2d at 764. The court reasoned that the legislature had divided sexual offenses into two categories: sexual assaults and child-molestation sexual assaults. The legislature had maintained a mental state requirement for sexual assaults but elected to maintain strict liability for child-molestation sexual assaults. Based on these considerations, the court concluded that its interpretation of the provision did not allow it to impute to the accused a mental state regarding the age of the victim. Yanez, 716 A.2d at 765-66. The court noted the concern with dispensing with the mental state requirement in serious crimes. The court reasoned, however, that if it allowed a mistake-of-age defense, the defense " 'would strip the victims of the protection which the law exists to afford. Public policy requires it. Unless defendants were made to determine at their peril whether or not their victims fall within the class peculiarly needing the protection of the law and thus set apart, there could be no real protection.' " Yanez, 716 A.2d at 769, quoting F. Sayre, Public Welfare Offenses, 33 Colum. L. Rev. 55, 73-74 (1933). Thus, in order to avoid eroding the protection of " 'female children from the severe physical and psychological consequences of engaging in coitus before attaining the age of consent in the statute' " (Yanez, 716 A.2d at 766, quoting State v. Ware, 418 A.2d 1, 4 (R.I.

1980)), the court concluded that no mental state would be attached to the circumstance of the victim's age (Yanez, 716 A.2d at 766).

Ransom, Owens, Cash, and Yanez all hold that, in a statutory rape offense, the defense of reasonable mistake of age is not available. In other words, they all hold that there is no mental state element associated with the circumstance of the victim's age. This is justified on both historical and public policy grounds--the State has a legitimate interest in protecting children of tender years from sexual involvement and in putting on the adult the burden of determining the age of the child. In Illinois, the courts that have considered predatory criminal sexual assault of a child have all determined that there is no mental state requirement for the circumstance of the victim's age. The foreign authority we have reviewed above jibes with these results and, perhaps, provides more insight into the policy underpinnings of the predatory-criminal-sexual-assault-of-a-child statute. We note, further, that the provision under which defendant here was charged, section 12--14.1(a)(1) of the Code, sets forth effectively a statutory rape offense; sexual activity with a child under the age of 13 years is strictly prohibited. Viewed in this light, the lack of a mental state element for the circumstance of the victim's age snaps sharply into historical focus. As section 12--14.1(a)(1) is effectively a statutory rape provision, we can readily understand in that context the strict liability with regard to the victim's age that attaches to offenses with victims under the age of 13 years. Further, the legislative choice to put the risk of illegality on the adult is likewise reasonable when viewed from the perspective of historical statutory rape provisions. Also, as constituted, section 12--14.1(a)(1) serves to protect some of the most vulnerable members of our society from sexual exploitation at the hands of older and purportedly wiser persons who should know better. The holding in Terrell, that the act of sexual penetration is a knowing or intentional act, further accords with this understanding--

the offender should be held to be aware enough of the potential liability associated with the act to avoid engaging in sexual relations with young children. See Owens, 352 Md. App. at 680, 724 A.2d at 51 (sexual penetration is a conscious activity sufficiently giving rise to notice of possible illegality). For all of these reasons--the language and structure of the relevant provisions of the Code, Illinois authority, and foreign authority--we hold that reasonable mistake of age is not an available defense to the charge of predatory criminal sexual assault of a child (720 ILCS 12--14.1(a)(1) (West 2004)).

In the absence of a case clearly holding that the defense of mistake of age is available to a charge of predatory criminal sexual assault of a child (under either the current or the former codifications), defendant is forced to argue from general principles. While our exposition above has implicitly dealt with defendant's contentions, we will nonetheless expressly address them.

Defendant first contends that the common-law rule requiring a mental state for the commission of an offense has influenced the interpretation of criminal statutes to the extent that "offenses that require no mens rea generally are disfavored." Staples v. United States, 511 U.S. 600, 606, 128 L. Ed. 2d 608, 616, 114 S. Ct. 1793, 1797 (1994). Defendant then implicitly characterizes the instant offense as a strict liability offense, apparently because the trial court held that there was no available defense of mistake of age. In support of his argument that predatory criminal sexual assault of a child should not be a strict liability offense (at least with respect to the victim's age), defendant relies on United States v. Morissette, 342 U.S. 246, 96 L. Ed. 288, 72 S. Ct. 240 (1952).

In Morissette, the defendant salvaged spent bomb casings from a United States government practice bombing range. The defendant did this openly and with no attempt to conceal what he was doing. When an investigation was begun, the defendant voluntarily told the authorities what he was doing, asserting that he had no intention of stealing government property; instead, he believed the

spent casings to be abandoned, because they had been dumped in heaps, were exposed to the weather, and were rusting away. Morissette, 342 U.S. at 247-48, 96 L. Ed. at 292, 72 S. Ct. at 242. The defendant was charged with " 'unlawfully, willfully and knowingly steal[ing] and convert[ing]' " government property and was convicted of the charge. Morissette, 342 U.S. at 248, 96 L. Ed. at 292, 72 S. Ct. at 242. During his trial, the trial court refused to instruct the jury or to allow the defendant to argue that he had acted with innocent intention because he believed the shell casings to have been abandoned. Morissette, 342 U.S. at 249, 96 L. Ed. at 293, 72 S. Ct. at 242. The defendant was convicted and the court of appeals affirmed the conviction, holding that the offense required "no element of criminal intent." Morissette, 342 U.S. at 249-50, 96 L. Ed. at 293, 72 S. Ct. at 243.

The Supreme Court reviewed the history of the requirement of a mental state for criminal offenses and its disappearance from certain federal offenses. Morissette, 342 U.S. at 250-63, 96 L. Ed. at 293-300, 72 S. Ct. at 243-50. The Court noted:

> "The contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as [the] belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil." Morissette, 342 U.S. at 250, 96 L. Ed. at 293, 72 S. Ct. at 243.

However, the Court also noted that there were long-standing exceptions to the mental state requirement for a criminal offense: "Exceptions came to include sex offenses, such as rape, in which the victim's actual age was determinative despite [the] defendant's reasonable belief that the girl had reached age of consent." Morissette, 342 U.S. at 251 n.8, 96 L. Ed. at 294 n.8, 72 S. Ct. at 244 n.8.

The Court then proceeded to trace the development of strict liability offenses that did not require an accompanying mental state. As a result of the industrial revolution, citizens became increasingly exposed to harm from increasingly powerful and complex machinery; the rise of the urban populace, coinciding with transportation development, increased congestion and traffic in the cities; in turn, transportation development allowed a widespread distribution of goods, leading to a greater possibility of harm from poor quality food, drink, and drugs; even the possibility of financial harm increased due to widespread marketing of securities. As a result, stricter standards of quality, integrity, disclosure, and care began to evolve. Morissette, 342 U.S. at 253-54, 96 L. Ed. at 295-96, 72 S. Ct. at 245. These developments, in turn, led lawmakers to begin to make regulations more effective by invoking criminal penalties, giving rise to "public welfare offenses," which do not fit into the accepted classifications of the common law. Morissette, 342 U.S. at 255, 96 L. Ed. at 296, 72 S. Ct. at 246. Many of the public welfare offenses "are not in the nature of positive aggressions or invasions, with which the common law so often dealt, but are in the nature of neglect where the law requires care, or inaction where it imposes a duty." Morissette, 342 U.S. at 255-56, 96 L. Ed. at 296, 72 S. Ct. at 246. Thus, the public welfare offenses have evolved with no associated mental state--if the accused does not intend a violation, then he may avoid a violation with a measure of reasonable care. Morissette, 342 U.S. at 256, 96 L. Ed. at 296-97, 72 S. Ct. at 246. Likewise, the penalties associated with the public welfare offenses are usually small, and a conviction will do little damage to the offender's reputation. Morissette, 342 U.S. at 256, 96 L. Ed. at 296, 72 S. Ct. at 246. Thus, courts construing such a federal enactment that makes no mention of intent have held that the legislature intended to dispense with the mental state as an element of the offense and that the guilty act alone will make out the crime. Morissette, 342 U.S. at 256, 96 L. Ed. at 296, 72 S. Ct. at 246.

While dispensing with the mental state for minor crimes has become generally accepted, similarly removing it for more serious crimes has not been generally accepted. Morissette, 342 U.S. at 258-59, 96 L. Ed. at 298, 72 S. Ct. at 247. The Court determined that uniformly construing every federal statute that dispensed with the mental state element to mean that the offense had no mental state element would effectively remove the mental state from even serious federal crimes, such as stealing and larceny. Morissette, 342 U.S. at 259, 96 L. Ed. at 298, 72 S. Ct. at 247.

In discussing the offense at issue, the Court noted that Congress had adopted into federal law what had been a well-defined common-law offense. Analogizing to the principle that, where a word has a particular legal meaning, the legislative choice of that word will be accorded its particular legal meaning in construing a provision, the Court deduced that Congress intended that the mental state element from the common law should be imported into the federal offense. Morissette, 342 U.S. at 261-63, 96 L. Ed. at 299-300, 72 S. Ct. at 249-50.

Defendant relies upon Morissette's discussion of the preference that serious crimes include the proof of a mental state as an essential element of the crime. Defendant argues that, similarly, because predatory criminal sexual assault of a child is such a serious crime, our legislature likely did not intend to make it a strict liability offense, even with respect to the victim's age. Defendant further notes that Terrell expressly repudiated the notion that predatory criminal sexual assault of a child is a strict liability offense. Terrell, 132 Ill. 2d at 209. Defendant also points out that the Code provides that, where a specific mental state is not mentioned in the provision for the offense, a mental state will be implied by operation of section 4--3 of the Code (720 ILCS 5/4--3 (West 2004)). Thus, according to defendant, we must impute a mental state as to the victim's age. We disagree with defendant's argument.

In the first instance, Morissette is of dubious support because the Court explicitly noted that, at common law, sexual offenses, such as rape, had been treated differently from other serious crimes. In fact, sexual offenses customarily had not required a mental state with regard to the victim's age, and the defense of mistake of age was not viable to preclude liability for a sexual offense. Morissette, 342 U.S. at 251 n.8, 96 L. Ed. at 294 n.8, 72 S. Ct. at 244 n.8. This acknowledgment that sexual offenses are different coincides with the relatively scant Illinois authority on this precise point: Barfield, Terrell, and Burton. Barfield contradicts the reasoning in Morissette, holding (erroneously) that the offense at issue here was fully a strict liability offense. Barfield, 187 Ill. App. 3d at 264. Terrell brought the interpretation of the offense squarely into line with the exception for sexual offenses that Morissette recognized--there is a mental state associated with the sexual penetration element, but not with the circumstance of the victim's age. Terrell, 132 Ill. 2d at 209; see Morissette, 342 U.S. at 251 n.8, 96 L. Ed. at 294 n.8, 72 S. Ct. at 244 n.8 (sexual offenses historically have excluded a mental state requirement for the victim's age). Burton repeated this view, holding that there is no mental state associated with the circumstance of the victim's age and that the implied mental state applies only to the sexual penetration element. Burton, 201 Ill. App. 3d at 118, 121.

While Illinois authority interpreting the requirements of proof of this offense is not voluminous, it is steadfastly consistent. Never has any court in Illinois held that mistake of age is a defense to a sexual act with a child under 13 years of age. Likewise, all courts that have considered the issue in published opinions have held that there is no mental state associated with the victim's-age element and that, accordingly, there is no mistake-of-age defense available to an accused. Thus, the published Illinois authority strongly weighs against defendant's position.

Defendant also attempts to employ the tools of statutory construction to convince us that a mental state must accompany the victim's age. Defendant notes the Code's requirements for a strict liability offense:

"A person may be guilty of an offense without having, as to each element thereof, one of the mental states described in Sections 4--4 through 4--7 if the offense is a misdemeanor which is not punishable by incarceration or by a fine exceeding $500, or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described." 720 ILCS 5/4--9 (West 2004).

Defendant contends that, obviously, section 12--14.1(a)(1) of the Code is a much more serious offense than a misdemeanor, is punishable by incarceration, and does not "clearly" indicate a legislative purpose to impose absolute liability with regard to the victim's age. We disagree.

As we noted above, in light of Terrell, the offense of predatory criminal sexual assault of a child is not a strict liability offense--the act of sexual penetration must be committed intentionally or knowingly. Terrell, 132 Ill. 2d at 209. We also note that defendant incorrectly characterizes the victim's age as requiring a mental state--we have determined that it need only be proven in order for liability to attach. Accordingly, we reject defendant's construction of the provision. His reference to section 4--9 fails because, in our view, the provision clearly demonstrates that only the actus reus of sexual penetration is subject to the mental state requirement. Thus, our construction of the provision accommodates the legislative intent of the provision as well as the command of section 4--9.

Defendant next argues that it is too dangerous to have a strict liability Class X felony. However, as Terrell determined, predatory criminal sexual assault of a child is not a strict liability

offense--the offender must commit an act of sexual penetration either intentionally or knowingly. Our brief canvass of foreign authority (as well as Illinois authority) suggests that this offense, like other statutory rape offenses, is properly informed by public policy concerns of protecting vulnerable members of society and placing the burden of risk on the adult who, it is presumed, should understand that sexual relations with a child may be illegal. See, e.g., Ransom, 942 F.2d at 777 (having no mental state element for victim's age furthers the public policy goal of providing special protection to those deemed too young to understand the consequences of their actions); Owens, 352 Md. App. at 680, 724 A.2d at 51 (sexual penetration is a "conscious activity which gives rise to circumstances that place a reasonable person on notice of potential illegality"); Cash, 419 Mich. at 244, 351 N.W.2d at 828 (public policy is to protect children from sexual exploitation and possible physical and psychological harm resulting from engaging in sexual intercourse). Thus, the wisdom of the Illinois legislature's decision to place the risk of criminality on the adult is not at issue; likewise, defendant's statement that having a "strict liability" Class X felony is too dangerous should be turned around: it would dangerously undermine the public policy accomplished by section 12--14.1(a)(1) to impute a mental state as to the victim's age, because it " 'would strip the victims of the protection which the law exists to afford.' " Yanez, 716 A.2d at 769, quoting 33 Colum. L. Rev. at 73-74.

Defendant also contends that failing to impute a mental state as to the circumstance of the victim's age intrudes on his right to a trial by jury. Defendant reasons that the jury should decide whether a mistake-of-age claim is preposterous or plausible. According to defendant, the unavailability of the mistake-of-age defense erodes the public confidence in the legal system. We disagree. The legislature is the appropriate body to define the defenses available to conduct that it has deemed and defined to be criminal. We cannot say that defendant's point outweighs the clear

public policy informing the legislative choice not to require a culpable mental state for the victim's age. Thus, the proper role of the jury is unimpeded--it still determines the relevant facts, but the defendant's knowledge or lack of knowledge about the victim's age is irrelevant to the offense defined by the legislature. Defendant's citation to Morissette is unavailing because Morissette expressly recognized that sexual offenses may be held to different and historically-justified standards. Morissette, 342 U.S. at 251 n.8, 96 L. Ed. at 294 n.8, 72 S. Ct. at 244 n.8.

Changing tack slightly, defendant acknowledges that Barfield held that the mistake-of-age defense was unavailable as to the predecessor provision to predatory criminal sexual assault of a child, but he argues that Barfield is distinguishable because the defendant forcibly raped the victim. Thus, according to defendant, the defendant in Barfield actually possessed a mental state of intent when committing the offense, and this should serve to limit the holding in Barfield to its facts. We disagree. The issue of whether a mistake-of-age defense was available was squarely and expressly presented in Barfield (as well as in Burton). The fact that the assault occurred with force does not change the court's analysis of the mistake-of-age issue. We reject defendant's attempt to distinguish Barfield and Burton.

Defendant also argues that the name of the offense, predatory criminal sexual assault of a child, evidences a legislative intent that this offense be charged only against actual predators of children rather than individuals who mistake the age of their victims. Defendant further suggests that "predatory" connotes some sort of knowledge or intent in seeking out underage victims. We disagree. We have examined the provision at issue and have concluded that, effectively, it constitutes statutory rape, which has immemorially been construed as a strict liability offense with respect to the age of the victim. Whether the offense be termed "statutory rape" or "predatory criminal sexual

assault of a child" is of no moment. The issue is the legislative intent. We have set forth above our construction of the legislative intent, and we remain unpersuaded that the title of the provision somehow vitiates the clearly expressed legislative intent and the judicial interpretation that holds that the victim's age is not subject to a mental state on the part of the offender and that a mistake-of-age defense is unavailable to an offender charged under section 12--14.1(a)(1) of the Code.

For all of the foregoing reasons, we reject defendant's arguments regarding the elements of predatory criminal sexual assault of a child. We accept defendant's contention that the trial court erroneously entered the wrong provision on defendant's mittimus and on its sentencing orders in this case. Therefore, we modify the judgment of the circuit court of Du Page County to reflect that defendant was convicted of predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 2004)), and we affirm the circuit court's judgment in all other respects.

Affirmed as modified.

GROMETER and CALLUM, JJ., concur.