2024 IL App (3d) 210324

Opinion filed March 21, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0324 Circuit No. 20-CF-4 |
| QUSHAWN V. HOUSTON, | ) ) ) | The Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Peterson and Davenport concurred in the judgment and opinion.

**OPINION**

¶ 1       The defendant, Qushawn V. Houston, was convicted of predatory criminal sexual assault

of a child (720 ILCS 5/11-1.40(a)(1) (West 2018)) and was sentenced to 12 years of

imprisonment. On appeal, Houston argues that the circuit court erred when it (1) denied his

attempt to present a mistake-of-age defense at trial and (2) refused to allow him to call the victim

to the stand during sentencing. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3        On January 17, 2020, Houston was charged by indictment with predatory criminal sexual assault of a child. The indictment alleged that in November 2018, Houston placed his penis in the minor victim's vagina. Documents included in the record revealed that Houston's date of birth was July 14, 1994, and the victim's date of birth was April 21, 2006, meaning that, at the time of the incident, Houston was 24 years old and the victim was 12 years old.

¶ 4        During pretrial discovery, Houston disclosed screenshots allegedly taken from the victim's Facebook page, including one in which her date of birth was listed as April 21, 1993, as well as several photos of the victim. Some of the photos included dates of postings, including July 2018 and August and November 2019.

¶ 5        The State responded with a motion *in limine* that sought to preclude Houston from presenting a mistake-of-age defense. The State's motion cited one case from the Second District, *People v. Douglas*, 381 Ill. App. 3d 1067 (2008), and one case from the Fifth District, *People v. Raymond*, 404 Ill. App. 3d 1028 (2010), and claimed that a mistake-of-age defense was not available in cases involving predatory criminal sexual assault of a child.

¶ 6        The circuit court held a hearing on the motion in June 2020. During the hearing, the court specifically cited *Douglas* and concluded that mistake-of-age is not an available defense to a charge of predatory criminal sexual assault of a child. Thus, the court granted the State's motion *in limine*.

¶ 7        A jury trial on the charge resulted in a guilty verdict. Houston filed a motion for a new trial, alleging that the circuit court erred when it denied him the ability to raise a mistake-of-age defense at trial. The court denied the motion.

¶ 8       At the sentencing hearing, defense counsel informed the court that he intended to call the victim to the stand because he believed he could use mistake-of-age as evidence in mitigation. However, even though she had been subpoenaed for the sentencing hearing, she was not present. A discussion ensued in which the court inquired as to why defense counsel believed he had to call the victim as opposed to simply presenting his mistake-of-age argument. Defense counsel responded that he believed her testimony was necessary to lay foundation for his mistake-of-age evidence, which consisted of the Facebook screenshots. The court expressed doubt that defense counsel could call the victim to testify, and observed that, even if it were proper, he already had the chance to cross-examine the victim when she testified at trial. Defense counsel responded that he was not able to cross-examine her on mistake-of-age, as that defense was prohibited at trial. The court responded:

> "I know, but I don't know—it just—legally, it just doesn't seem appropriate to now be able to call the victim back to the stand and be able to cross-examine her again.
>
> I know what you're saying. That's why I'm saying I would let you argue that in mitigation. I don't know how you're going to lay foundation, but, certainly, I think I can consider anything in sentencing."

Defense counsel acquiesced, saying "okay."

¶ 9       During the hearing, when the court asked defense counsel if he had any evidence to submit, he presented a group exhibit consisting of the aforementioned screenshots from the victim's Facebook account (*supra* ¶ 4). The court accepted the exhibit into evidence. During arguments, defense counsel argued that the victim had been "advertising to the public" that she was an adult and that Houston mistakenly thought she in fact was an adult at the time of their sexual contact.

3

¶ 10       At the close of the sentencing hearing, the court stated that it believed neither the six-year prison term recommended by defense counsel nor the 15-year prison term recommended by the State was appropriate. Based on the circumstances of the case, including Houston's prior record that included solicitation of prostitutes, the court imposed a 12-year sentence.

¶ 11       Houston filed a motion to reconsider sentence, which did not include any objection to the court's refusal to allow him to call the victim as a witness at the hearing. The court denied Houston's motion, and he appealed.

¶ 12       II. ANALYSIS

¶ 13       Houston's first argument on appeal is that the circuit court erred when it denied his attempt to present a mistake-of-age defense at trial. He reasons that the predatory criminal sexual assault of a child statute does not make the victim's age a strict liability element and, therefore, a mental state regarding the victim's age must be read into the statute. Houston acknowledges, however, that contrary case law exists.

¶ 14       The question posed by this appeal—whether a mental state attaches to the victim-age element of predatory criminal sexual assault of a child—presents a question of statutory interpretation that we review *de novo*. *Douglas*, 381 Ill. App. 3d at 1070.

¶ 15       Houston was charged with, and convicted of, predatory criminal sexual assault of a child under section 11-1.40(a)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/11-1.40(a)(1) (West 2018)). That section states:

      "(a) A person commits predatory criminal sexual assault of a child if that person is 17 years of age or older, and commits an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of

4

sexual gratification or arousal of the victim or the accused, or an act of sexual

penetration, and:

(1) the victim is under 13 years of age[.]" *Id.*

Section 11-1.40(a)(1) thus contains three elements: (1) the contact/sexual-penetration element, (2) the accused-age element, and (3) the victim-age element. *Id.*; *cf. Douglas*, 381 Ill. App. 3d at 1073 (interpreting the precursor to section 11-1.40(a)(1)—section 12-14.1(a)(1) of the Criminal Code of 1961 (720 ILCS 5/12-14.1(a)(1) (West 2004))—and noting that it had "one voluntary-act element and two 'attendant circumstances' elements").

¶ 16　　　　What is now known as predatory criminal sexual assault of a child in section 11-1.40 was formerly contained in the aggravated criminal sexual assault statute located in section 12-14 of the Criminal Code of 1961 (see, *e.g.*, Ill. Rev. Stat. 1985, ch. 38, ¶ 12-14; see also *People v. Terrell*, 132 Ill. 2d 178, 207 (1989)). Then, in 1994, the legislature codified the public acts of Illinois as the Illinois Compiled Statutes (Pub. Act. 87-1005 (eff. Sept. 3, 1994)), and the section was given a new designation (720 ILCS 5/12-14 (West 1994)). In 1995, the legislature amended the statutory scheme by moving part of the aggravated criminal sexual assault statute to an entirely new section, 12-14.1, which was given the title of predatory criminal sexual assault of a child. Pub. Act 89-428 (eff. Dec. 13, 1995) (amending 720 ILCS 5/12-14 and adding 720 ILCS 5/12-14.1). Finally, in 2011, the provision was amended and renumbered as section 11-1.40 of the Code (720 ILCS 5/11-1.40 (West 2012)). Even though the requirements of what is now predatory criminal sexual assault of a child have changed slightly over the years, this section has been construed in several cases over the years that are relevant to the disposition of the current appeal.

¶ 17    In one of those cases, *Terrell*, the defendant challenged the constitutionality of the aggravated criminal sexual assault statute by claiming that it punished innocent conduct in addition to culpable conduct. *Terrell*, 132 Ill. 2d at 208. More specifically, the defendant emphasized that the statute did not require a mental state for the "sexual penetration" element. *Id.* Our supreme court rejected that argument, holding that even though "sexual penetration" did not expressly require a mental state,

> "the legislature clearly did not intend the aggravated criminal sexual assault statute to define a strict liability or public welfare offense. (Ill. Rev. Stat. 1985, ch. 38, par. 4-9.) Accordingly, a mental state of either intent or knowledge implicitly is required for sexual penetration to occur. (Ill. Rev. Stat. 1985, ch. 38, pars. 4-3, 4-4, 4-5, 4-6, 4-9.)" *Id.* at 209.

Because *Terrell* only addressed the "sexual penetration" element, we conclude, contrary to Houston's claim, that *Terrell* does not stand for the proposition that a mental state attaches to the victim-age element.

¶ 18    Post-*Terrell*, the Second District decided *Douglas* and addressed the very issue Houston has raised in this case. The *Douglas* court performed a thorough analysis of the applicable law, which included discussions of the applicable statutes and case law such as *Terrell*. *Douglas*, 381 Ill. App. 3d at 1070-87. The *Douglas* court ultimately held that mistake-of-age was not an available defense to a charge of predatory criminal sexual assault of a child. *Id.* at 1081. Of particular importance to the *Douglas* court was the existence of what is now section 11-1.70 of the Code (720 ILCS 5/11-1.70 (West 2018)) and the fact that it contains specific directions from the legislature on a mistake-of-age defense to sex-offense charges. To understand that section's import, we must put it in its proper context.

¶ 19 The predatory criminal sexual assault of a child statute is found in a subdivision of the Code that addresses major sex offenses. See *id*. §§ 11-1 to 11-6. Among those statutes are five major sex offenses: criminal sexual assault in section 11-1.20, aggravated criminal sexual assault in section 11-1.30, predatory criminal sexual assault of a child in section 11-1.40, criminal sexual abuse in section 11-1.50, and aggravated criminal sexual abuse in section 11-1.60. *Id*. §§ 11-1.20 to 1.60. Section 11-1.70 specifically addresses certain defenses to those specific crimes. *Id*. § 11-1.70. In relevant part, section 11-1.70(b) states that "[i]t shall be a defense under subsection (b) and subsection (c) of Section 11-1.50 and subsection (d) of Section 11-1.60 of this Code that the accused reasonably believed the person to be 17 years of age or over." *Id.* § 11-1.70(b). The *Douglas* court stated the following regarding what is now section 11-1.70:

> "[W]e note that, in the 'defenses' provision of the Code, the legislature provided that the defense of mistake of age is available for violations of sections 12-15(b), 12-15(c), and 12-16(d) of the Code (720 ILCS 5/12-15(b), (c), 12-16(d) (West 2004)), and only if the accused reasonably believed the victim to be 17 years of age or older. 720 ILCS 5/12-17(b) (West 2004). It would appear, then, that mistake of age is not generally available, because the legislature has specified its use in only certain instances. Generally, where 'a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions.' *People v. O'Connell*, 227 Ill. 2d 31, 37 (2007)." *Douglas*, 381 Ill. App. 3d at 1073-74.

The *Douglas* court then concluded that "[t]he structure of the Code and its relevant provisions help to confirm that the age of the accused and the age of the victim are attendant circumstances that do not require an associated mental state." *Id.*

7

¶ 20    Approximately two years later, the First District discussed and adopted the *Douglas* court's analysis of this issue in *Raymond*, 404 Ill. App. 3d at 1042-44. Like the *Raymond* court, we find the *Douglas* decision persuasive and hereby adopt its analysis in this case. Thus, we hold that mistake-of-age is not an available defense to a charge of predatory criminal sexual assault of a child under section 11-1.40(a)(1) of the Code. We further hold that the circuit court in this case did not err when it denied Houston's attempt to raise a mistake-of-age defense at trial.

¶ 21    Houston's second argument on appeal is that the circuit court erred when it refused to allow him to call the victim to the stand during sentencing, as the result was that he could not present any credible evidence on whether he knew the victim was a minor at the time of the offense. He further argues that the court's refusal denied him his right to call witnesses on his behalf and, therefore, denied him a fair sentencing hearing. Houston acknowledges that he has forfeited his argument for review; however, he requests this court review the issue for second-prong plain error.

¶ 22    There is a fatal flaw in Houston's argument. While the plain-error doctrine allows a reviewing court to consider *forfeited* errors under certain circumstances (*People v. Herron*, 215 Ill. 2d 167, 186-87 (2005)), it does not apply when a defendant *acquiesces* to the alleged error (see *In re Detention of Swope*, 213 Ill. 2d 210, 218 (2004) (holding that "[t]his court has viewed cases of acquiescence strictly, finding that a party's 'active participation in the direction of proceedings *** goes beyond mere waiver' such that the traditional exceptions to the waiver rule do not apply" (quoting *People v. Villareal*, 198 Ill. 2d 209, 227 (2001)))). "Waiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right." *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 326 (2004). Forfeiture is the " 'failure to make the timely assertion of the right.' " *People v. Blair*, 215 Ill. 2d 427, 444 n.2

8

(2005) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)). The distinction between waiver and forfeiture is important because the plain-error doctrine is based on prejudice. See, *e.g.*, *Herron*, 215 Ill. 2d at 186-87 (noting that under the first prong of the plain-error doctrine, the defendant must prove the error was prejudicial, and under the second prong, prejudice to the defendant is presumed).

¶ 23    It is axiomatic that a defendant who acquiesces to an alleged error cannot later argue that he or she was prejudiced by the error. *People v. Schmitt*, 131 Ill. 2d 128, 137 (1989). In this case, defense counsel acquiesced to the circuit court's procedure. Notably, defense counsel sought to call the victim to testify only because he believed he needed her to lay foundation for his mistake-of-age evidence that came in the form of Facebook screenshots. The court allowed defense counsel to present that evidence without calling the victim to testify. Under these circumstances, Houston cannot reasonably argue that he was prejudiced by the court's refusal to allow defense counsel to call the victim to testify at the sentencing hearing. Accordingly, we hold that plain-error review is not available to Houston regarding his second argument on appeal. See *id.*; *Swope*, 213 Ill. 2d at 218.

¶ 24                                  III. CONCLUSION

¶ 25    The judgment of the circuit court of Kankakee County is affirmed.

¶ 26    Affirmed.

*People v. Houston*, 2024 IL App (3d) 210324

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kankakee County, No. 20-CF-4; the Hon. Kathy S. Bradshaw-Elliott, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Karalis, Adam Bukani, and Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Jim Rowe, State's Attorney, of Kankakee (Patrick Delfino, Thomas D. Arado, and Korin I. Navarro, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |